Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6295 | **DATE** | SEP 20 2011 |
| **CASE TITLE** | Charles Head (#2010-0202116) v. Larry Carrol, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted and the initial partial filing fee is waived. The trust officials at Plaintiff's place of confinement shall collect monthly payments from Plaintiff's account as described below. The Clerk shall send a copy of this order to the resident trust office at the Cook County Jail to facilitate compliance. However, Defendant Carrol is dismissed as a Defendant. The Clerk is further directed to issue summonses to Defendants Drowns and Harrison, and the U.S. Marshal is directed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Larry Carrol, a fellow prisoner, and Correctional Officers Drowns and Harrison, violated the plaintiff's constitutional rights in a variety of ways. The plaintiff alleges that on August 13, 2011, Inmate Carrol attacked him with his cane, striking him on the side of the head and knocking out his tooth. With respect to Correctional Officers Drowns and Harrison, the plaintiff alleges that they were deliberately indifferent to a substantial risk of serious harm because they failed to protect him from Inmate Carrol's attack.

According to the statement submitted with his *in forma pauperis* application, the plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the Cook County Jail is authorized to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County Jail shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to Defendants Drowns and Harrison for deliberate indifference to a substantial risk of serious harm. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005), *citing Farmer v. Brennan*, 511 U.S. 825, 832, (1994). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the complaint.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

The Court notes that the date of the alleged violation was August 13, 2011, which indicates that Plaintiff may not have fully exhausted his administrative remedies prior to filing suit, as required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997 e(a). However, as failure to exhaust is an affirmative defense, it is more properly raised as such by the defendants.

However, the plaintiff's claims against Inmate Carrol are dismissed as he is not a state actor. To state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the Court in which a defendant may be found to act under color of state law. First, when the state has cloaked the defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d at 567. The second, when the defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *Id.*

In the instant case, the plaintiff does not allege that Inmate Carrol was cloaked with some degree of state authority or that there was some type of conspiracy between state officials and Carrol involving the attack on him. Nor can such a conclusion be drawn from the plaintiff's allegations. Consequently, the plaintiff has failed to state a cause of action under § 1983 against Inmate Carrol, and he is dismissed as a defendant.

The Clerk shall issue summonses for service of the complaint on defendants Drowns and Harrison (hereinafter, "the defendants"). The Clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.